## HORNBAKER v. UNITED STATES et al.

### Civ. A. No. 8713.

United States District Court
W. D. Pennsylvania.
Jan. 26, 1951.

Frank Reich, Pittsburgh, Pa., for plaintiff.

Irwin A. Swiss, Asst. U. S. Atty., and Tobias & Weilersbacher, all of Pittsburgh, Pa., for individual defendant.

McVICAR, Chief Judge.

This is an action by Anna M. Hornbaker, plaintiff, to recover the proceeds of a National Service Life Insurance policy issued in the amount of Ten Thousand Dollars to her deceased husband, Nelson Hornbaker. Plaintiff claims to be the beneficiary of this policy, said claim being contested by the insured's mother, the defendant Eva Hornbaker. The United States of America claims a credit for the amount already paid to the defendant, Eva Hornbaker. The action was tried without a jury, and the Court makes the following Findings of Fact, Conclusions of Law, and Order.

### Findings of Fact.

1. Plaintiff is Anna M. Hornbaker, a resident of Pitcairn, Allegheny County, Pennsylvania.

2. The individual defendant, Eva Hornbaker, resides in Weston, Luzerne County, Pennsylvania.

3. Nelson Hornbaker, a resident of Newark, New Jersey, was a member of the United States Army from July 7, 1939 to June 11, 1944, upon which date he was killed in action.

4. On May 1, 1943, the decedent applied for a National Service Life Insurance policy in the amount of $10,000.00,

naming as beneficiary his mother, Eva Hornbaker, the individual defendant.

5. Said policy was granted to decedent as of May 1, 1943.

6. The plaintiff, Anna M. Hornbaker, married the decedent on July 6, 1943.

7. The plaintiff and decedent resided together until October, 1943, at which time the decedent was assigned to overseas duty.

8. During the period that plaintiff and decedent resided together, the decedent informed the plaintiff that he was having his National Service Life Insurance beneficiary changed.

9. On August 4, 1943, decedent executed United States Army Form W.D., A.G. O.41 designating his wife, the plaintiff, as the person "eligible to be my beneficiary".

10. United States Army Form W.D., A.G.O.41 was adopted by the War Department for the purpose of designating the recipient of six months gratuity pay to be granted if death occurred upon active duty, and, as promulgated, had no connection with National Service Life Insurance.

11. United States Army Form W.D., A.G.O.41 was headed simply "Designation of Beneficiary" and was sufficiently ambiguous in context that on several occasions the form was executed for the purpose of changing the designation of beneficiary upon National Service Life Insurance policies.

12. After decedent was overseas, several letters were written by him addressed to the plaintiff, inquiring whether she had received any notice of his insurance policy, and, in one of these letters, wrote "I will have to see about it over here if it did not reach you as yet * * *."

13. Shortly after, the decedent executed another W.D., A.G.O.41, naming his wife as the person "eligible to be my beneficiary."

14. Within two weeks after the execution of this second W.D., A.G.O.41, decedent wrote to the plaintiff that the insurance policy was now in her name, and reiterated this statement in several subsequent letters.

15. I find as a fact that the decedent executed the above mentioned W.D., A.G. 0.41 forms with the intent of changing his beneficiary from the defendant, Eva Hornbaker, his mother, to Anna M. Hornbaker, the plaintiff.

16. The claim of the plaintiff was disallowed by the Veterans Administration on May 12, 1947, and in a letter of that date, this agency advised her of her right to institute suit, and informed her that if said suit was not commenced within sixty days, payment would be made to the mother, the individual defendant in this action.

17. Payments to the mother were commenced on October 10, 1947 and continued until April 6, 1950, when suit was filed; said payments totalling $3,535.80.

18. The National Service Life Insurance Act, 38 U.S.C.A. § 802(*l*) provides: " (*l*) Any payments of insurance made to a person represented by the insured to be within the permitted class of beneficiaries shall be deemed to have been properly made and to satisfy fully the obligation of the United States under such insurance policy to the extent of such payments."

19. The defendant, Eva Hornbaker, was within the permitted class of beneficiary and was so represented by the insured.

### Conclusions of Law.

1. The action is within the jurisdiction of the Court, based upon the National Service Life Insurance Act of 1940.

2. In order to change a beneficiary of Government insurance, evidence must be shown of an intention by insured to so change the beneficiary, followed by an affirmative act of the insured, having for its purpose the fulfillment of said intention.

3. Plaintiff through her evidence has met the burden of proving the above mentioned intent followed by an affirmative act.

4. The United States is entitled to a credit of $3,535.80 by virtue of the provisions of the National Service Life Insurance Act, 38 U.S.C.A. § 802(*l*).

5. Plaintiff is entitled to judgment in the amount of $10,000.00, less the above indicated set-off, or, in the aggregate sum of $6,464.20.